UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL CAIN,

              Plaintiff,

v.

FRANK CARROLL AND
CITY OF DETROIT,

              Defendants.

_____/

Case No. 13-10525

Paul D. Borman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

OPINION AND ORDER
(1) GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (ECF NO. 43);
(2) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 42);
(2) ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 41);
(3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 32);
(4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 39); AND
(5) DISMISSING THIS CASE WITH PREJUDICE

Plaintiff originally filed this action on February 8, 2013 against Defendant City of Detroit and a Defendant Frank Carroll, a City of Detroit police officer.[1]  (ECF No. 1.)  On July 31, 2013, this Court stayed and administratively closed this case after Defendant City of Detroit filed a voluntary petition for protection under Chapter 9 of the Bankruptcy Code.  (ECF No. 20.)  On February 26, 2015, after Defendant City of Detroit formally exited bankruptcy, this Court reopened the case.  *See i.e., In re City of Detroit, Michigan*, No. 13-53846 (Dkt. No. 8272, "Order Confirming Eighth Amended Plan For The Adjustment Of Debts Of The City Of Detroit") (Bankr. E.D. Mich. Nov. 12, 2014).

_____

[1] Plaintiff amended his complaint on April 29, 2013 to add the City of Detroit as a defendant in this action.  (ECF Nos. 15, 16.)

On August 5, 2016, Magistrate Judge Stephanie Dawkins Davis issued a Report and Recommendation addressing the outstanding motions in this action.  (ECF No. 41.)  In the Report and Recommendation, the Magistrate Judge recommends that this Court deny Plaintiff Darryl Cain's motion for summary judgment.  (ECF No. 39.)  Further, the Magistrate Judge recommends that this Court grant Defendants City of Detroit and Frank Carroll's motion for summary judgment.  (ECF No. 32.)

Now before the Court is Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 42).  Plaintiff concurrently filed a motion for an extension of time to file objections (ECF No. 43).  Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court GRANTS Plaintiff's Motion for an Extension of Time; DENIES Plaintiff's Objections, ADOPTS IN PART AND REJECTS IN PART the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's Motion for Summary Judgment, and GRANTS the Defendant's Motion for Summary Judgment.

## I. BACKGROUND

The recitation of the record and pertinent background facts are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here.  (ECF No. 41, Report and Recommendation at 3-5.)  Briefly, on June 7, 2010, Defendant Carroll was assigned to the Detroit Police Commercial Auto Theft Unit and was working in a task force out of the Grosse Pointe Park Police Department Headquarters.  (Def.'s Ex. A, Police Report, at 1.)  Defendant Carroll observed two black males in front of a gold Saturn with its hood up in the backyard of an abandoned dwelling in Detroit.  (*Id.*; Ex. B, Request for Arrest Warrant, at 2.)  After

determining the vehicle was stolen, Defendant Carroll called for backup. (*Id*.) After backup arrived, Defendant Carroll and two other officers went into the backyard and announced their presence. (*Id*.) At approximately 12:40 P.M., Plaintiff, as well as two other individuals, were arrested. (*Id*.) A search revealed two bullets and the key to the gold Saturn in Plaintiff's pocket and a bag of tools were discovered near the vehicle. (*Id*., at 3.)

On Tuesday, June 8, 2010, the police conducted a six man photographic line-up for the complainant who "immediately identified the picture of Defendant Cain as the person who robbed him of his vehicle at gun-point." (*Id*.) The owner of the gold Saturn and mother of complainant, was also interviewed on June 8, 2010. (*Id*.) The mother stated that after picking up her vehicle from the tow lot she discovered a state identification card that the complainant identified as belonging to the woman who was with Plaintiff when Plaintiff robbed him at gun-point. (*Id*.)

On June 8, 2010, a request for an arrest warrant was completed by Defendant Carroll. (Ex. B, 6/8/10 Warrant Request.) That same day, a Wayne County Prosecutor recommended issuing a felony arrest warrant for Plaintiff. (Ex. C, 6/8/10 Warrant Recommendation.) On Wednesday, June 9, 2010, a Magistrate Judge in the 36th District Court of Michigan issued a felony arrest warrant for Plaintiff's arrest. (Ex. D, 6/9/10 Felony Arrest Warrant.) Plaintiff was ultimately arraigned on June 10, 2010. (Am. Compl., at ¶ 3.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.,* 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections

that are specific are entitled to a *de novo* review under the statute.  *Mira v. Marshall*, 806 F.2d

636, 637 (6th Cir.1986).  "The parties have the duty to pinpoint those portions of the magistrate's

report that the district court must specially consider."  *Id.* (internal quotation marks and citation

omitted).  A general objection, or one that merely restates the arguments previously presented,

does not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection"

that does nothing more than disagree with a magistrate judge's determination, "without

explaining the source of the error," is not considered a valid objection.  *Howard v. Sec'y of

Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

    The Defendants and Plaintiff have moved for summary judgment under Rule 56(a) of the

Federal Rules of Civil Procedure.  This rule provides that the "court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Summary judgment is

appropriate where the moving party demonstrates that there is no genuine issue of material fact

as to the existence of an essential element of the nonmoving party's case on which the

nonmoving party would bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986).  "Of course, [the moving party] always bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of genuine issue of material fact."  *Id.* at 323;

*see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).  However, in making this

evaluation, the court must examine the evidence and draw all reasonable inferences in favor of

the non-moving party.  *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

4

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

Additionally, the Court notes that pleadings filed by a *pro se* litigant are entitled to a more liberal reading than the Court would afford to formal pleadings submitted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, a plaintiff must provide more than just bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

### III. ANALYSIS

As an initial matter the Court finds good cause to grant Plaintiff's motion for an extension of time to file Objections to the Report and Recommendation and therefore considers Plaintiff's Objections to be timely filed.

A.      Objection No. 1

Plaintiff first objects to the Magistrate Judge's Report and Recommendation on the basis

that the Magistrate Judge erred in stating in a footnote that

> The Consent Decree to which Plaintiff refers is presumably the Consent
> Judgement between the City of Detroit and the United States entered on July 18,
> 2003.  (Case No. 03-cv-72258).  The Consent Judgement was terminated by entry
> of a Stipulated Transition Agreement between the parties on August 25, 2014.

(Report and Recommendation at 10, n. 1.)  Plaintiff argues that this footnote gave the

"indication" that Defendants did not need to comply with the Consent Judgment at the time of

Plaintiff's arrest in 2010.  The Magistrate Judge's footnote, however, merely sets forth an

undisputed fact and does not provide any conclusions regarding Plaintiff's claims.  Plaintiff's

objection is denied.

   B.     Objection No. 2

   Plaintiff next claims the Magistrate Judge erred by misquoting *Sanders v. Detroit Police*

*Department*, 490 F. App'x 771 (2012), wherein the Sixth Circuit stated: "[d]elays are inevitable

and, generally, determinations of probable cause that occur within 48 hours will not violate

*Gerstein's* promptness requirement."  *Id*. at 774 (citing *County of Riverside v. McLaughlin*, 500

U.S. 44, 55-56 (1991)).  Plaintiff claims that this passage from *Sanders* contradicts the Supreme

Court's decision in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), wherein the

Supreme Court explained that a probable cause hearing provided within 48 hours

> may nonetheless violate *Gerstein* [*v. Pugh*, 420 U.S. 103 (1975)] if the arrested
> individual can prove that his or her probable cause determination was delayed
> unreasonably.  Examples of unreasonable delay are delays for the purpose of
> gathering additional evidence to justify arrest, a delay motivated by ill will
> against the arrest individual, or delay for delay's sake.

*Riverside*, 500 U.S. at 56.

   The Court rejects Plaintiff's argument and finds that the Magistrate Judge's citation to

*Sanders* is accurate and does not contradict *Riverside*.  Indeed, the Sixth Circuit correctly

attributed the pertinent passage to *Riverside.*

Plaintiff also argues, for the first time, that this Court is bound by the Michigan Court of
Appeals' decision in his criminal action, *People v. Cain*, 299 Mich. App. 27 (Mich. Ct. App.
2012); *affirmed in part, vacated in part*, 495 Mich. 874.  In his criminal appeal, Plaintiff argued
that his right to due process was violated by his delayed arraignment and that certain evidence
should be suppressed as a result.  *Cain*, 299 Mich. App. at 47-50.  In concluding that any error
was harmless, the Michigan Court of Appeals held: "Defendant is correct that Sergeant Carroll
arrested defendant without a warrant on June 7, 2010, and he was arraigned on June 10, 2010.
Because defendant was arraigned more than 48 hours after his arrest, this delay is presumptively
unreasonable." *Cain*, 299 Mich. App. at 49 (citing *Riverside*, 500 U.S. at 56-57).[2]

Plaintiff failed to raise this issue to the Magistrate Judge either in his response to
Defendants' motion for summary judgment or in his motion for summary judgment.  Thus, it is
arguable that Plaintiff has waived the argument.  *See Murr v. United States*, 200 F.3d 895, 902 n.
1 (6th Cir. 2000); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).
Regardless of waiver, however, Plaintiff's argument that he can offensively use the Michigan
Court of Appeals' holding against non-parties to the earlier criminal action in a subsequent §
1983 claim has been rejected by the Sixth Circuit.  *See Hardesty v. Hamburg Twp.*, 461 F.3d
646, 651 (6th Cir. 2006) (holding that "the cases applying Michigan law have all held that police
officer defendants in a § 1983 case are not in privity with the prosecution of a related criminal
case and do not have a personal stake in the outcome of the case" and "[t]herefore, collateral

_____

[2] The Michigan Court of Appeals did not address whether any other probable cause
determination was made prior to Plaintiff's arraignment.

estoppel cannot be used offensively to preclude the litigation of an issue addressed in an associated criminal case."); *see also Burda Brothers, Inc. v. Walsh*, 22 F. App'x 423, 430 (6th Cir. 2001); *Raggs v. Pittsfield Charter Twp*., No. 14-13946, 2016 WL 3626807, * 4 (E.D. Mich., July 7, 2016) (recognizing the same and finding state court probable cause determinations in a related criminal case were not binding on subsequent § 1983 claims brought against a township and its police officers). Thus, Plaintiff's argument that this Court is bound by the Michigan Court of Appeals' holding is rejected.

      C.      Objection No. 3

Plaintiff next objects to the Magistrate Judge's conclusion that Defendants' offered evidence to support the fact that a felony warrant was issued for Plaintiff on the morning of June 9, 2010, while Plaintiff failed to evidence otherwise. The Court notes that Defendants provided a warrant request dated June 8, 2010, the day after Plaintiff's arrest (Ex. C), and a signed felony warrant dated June 9, 2010 (Ex. D). Plaintiff did not provided any evidence regarding the issuance of his felony warrant.

Plaintiff contends that Defendants cannot show the felony warrant was issued within 48 hours without providing a warrant verification log out from Grosse Pointe Park (where the felony warrant originated) or a time stamped signed warrant. Defendants represented that because the warrant originated out of the Grosse Pointe Park Police Department, rather than the Detroit Police Department, the request for a felony warrant against Plaintiff was not entered in the Detroit Police Department warrant log. Defendants also submitted a warrant verification log from Detroit Police Department evidencing that warrants were requested and issued the morning on June 9, 2010. This verification log, admittedly, did not evidence that Plaintiff's warrant was

issued prior to June 9, 2010 because his warrant originated from the Grosse Pointe Park Police Department.

Despite Plaintiff's claims to the contrary, the Magistrate Judge acknowledged that there was not a warrant verification log evidencing that Plaintiff's warrant was issued in the morning of June 9, 2010. (ECF No. 41, at 19-20.) The Magistrate Judge concluded, however, that Plaintiff had failed to submit any material evidence that a probable cause determination was not made within 48 hours and that Defendants had evidenced that Plaintiff's felony warrant was issued on June 9th, and the 36th District Court "issued felony warrant[s] on June 9th between the hours of 8:00 AM and 11:00 AM." (*Id.*, at 20.) The Court notes that the Magistrate Judge did not find that the Defendants had submitted evidence proving that the 36th District Court issued a felony warrant against Plaintiff between 8:00 AM and 11:00 AM – rather, the Magistrate Judge merely recognized that other felony warrants were issued in the 36th District Court on that day between those times. This evidence creates a reasonable inference that Plaintiff's warrant was also issued during that time. Plaintiff has not rebutted this inference with any evidence beyond his own speculation. The Magistrate Judge correctly noted that one cannot rest upon mere allegations to create a genuine issue of material fact. (*See* ECF No. 41, at 20.) Accordingly, the Court denies Plaintiff's objection.

D.      Objection No. 4

Plaintiff objects to the Magistrate Judge's statement, contained in a footnote, that,

Though perhaps alluded to, plaintiff does not develop a secondary argument regarding whether liability exists independent of the probable cause determination for whether defendants violated his constitutional rights by delaying his arraignment until June 10, three days after his warrantless arrest, but only one day after the District Court issued a felony warrant. In this court, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed

argumentation, are deemed waived. [I]t it not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

(ECF No. 41, at 20 n. 3.)

Plaintiff argues that this secondary argument was clearly set forth in his briefing and that Defendants can be liable for delaying his arraignment for three days despite the intervening probable cause determination. Plaintiff does not, however, set forth this secondary argument with any particularity in his objection and merely cites the entirety of the briefing to support his argument.

Regardless of whether Plaintiff sufficiently articulated the argument, the Court finds it unpersuasive. As noted *supra*, the Supreme Court explained in *Riverside* that a prompt probable cause determination does not always "pass constitutional muster" and "may violate *Gerstein* if the arrest individual can prove that his or her probable cause determination was delayed unreasonably." *Riverside*, 500 U.S. at 56. The Supreme Court noted examples of such unreasonable delays are when the delay is "for the purpose of gathering additional evidence to justify an arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." *Id.* In the present case, Plaintiff has not set forth any evidence to support an inference that Defendant Carroll delayed the probable cause determination or the arraignment to gather more evidence. Indeed, the record shows that Defendant Carroll did not gather any evidence after the arrest warrant was issued, rather, the photographic line-up and interviews of complainant and his mother occurred on June 8, 2010 – the day before the arrest warrant was issued by the Magistrate Judge in the 36th District Court. (Ex. B, 6/8/2010, Request for Warrant, at 2.) Similarly, the record is devoid of any evidence of ill will on the part of Defendant Carroll

or that any delay in Plaintiff's arraignment was for "delay's sake."  Accordingly, Plaintiff's objection is denied.

      E.      Objection No. 5

      Plaintiff also objects to the Magistrate Judge's conclusion that his claim against Defendant City of Detroit should be dismissed because he failed to establish that Defendant Carroll violated his constitutional rights.  Plaintiff again relies upon the Michigan Court of Appeals decision in his state criminal action to support his instant action.  As addressed *supra*, under Michigan law, police officer defendants are "not in privity with the prosecution of a related criminal case and do not have a personal stake in the outcome of the criminal case" and therefore, "collateral estoppel cannot be used offensively to preclude the litigation of an issue addressed in an associated criminal case."  *Hardesty*, 461 F.3d at 651 (citation omitted).  Further, the Court finds no error with the Magistrate Judge's conclusion that Plaintiff did not establish an underlying constitutional violation because Plaintiff received a probable cause determination within 48 hours of his warrantless arrest, and thus, *Gerstein*'s promptness requirement was met. *See Peet v. City of Detroit*, 502 F.3d 557, 569 (6th Cir. 2007) (Holschuh, D.J., concurrence in part) (recognizing that MICH. COMP. LAWS § 764.1c, which requires that if an accused is in custody because of a warrantless arrest "a magistrate, upon a finding of "reasonable cause, *i.e.* probable cause, shall either issue an arrest warrant" or make an endorsement of reasonable cause on the complaint, codifies "the Supreme Court's holding in *Gerstein v. Pugh*, 420 U.S. 103, 124-25, that whenever a person is arrested without a warrant, an impartial judge must make a 'fair and reliable determination of probable cause.'"); *see also Sanders v. Detroit Police Department*, 490 F. App'x 771, 774 (6th Cir. 2012) (denying a *Gerstein* claim because although the plaintiff

was in custody pursuant to a warrantless arrest, a magistrate judge signed a warrant for his arrest one day after his arrest pursuant to Mich. Comp. Laws § 764.1c, and thus the plaintiff was being "held pursuant to a valid warrant and therefore was 'not constitutionally entitled to a separate judicial determination' of probable cause." (citation omitted)).

Accordingly, Plaintiff's objection is denied.

F.      Objection No. 6

Plaintiff objects to the Magistrate Judge's treatment of his arguments regarding Mich. Comp. Laws §§ 764.13, 764.26.  The Magistrate Judge recommended that to the extent Plaintiff was seeking relief under these statutes as separate claims under state law, the Court should decline supplemental jurisdiction over those claims.  (ECF No. 41, at 23.)  Plaintiff appears to contend that he did not assert separate state law claims, but was attempting to establish that Defendant Carroll was the individual responsible for securing his "prompt judicial determination of probable cause and unreasonably delaying Plaintiff's arraignment past 48 hours."  (ECF No. 42, at 4.)

To the extent that Plaintiff is arguing that the Magistrate Judge erred in not recognizing this fact, Plaintiff's argument is rejected.  Section § 764.13 provides that the "peace officer who has arrested a person for an offense without a warrant" bears the responsibility for "ensuring that a judicial determination of probable cause is made within 48 hours after an arrest." *Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009) (citation omitted).  In the present case, however, Defendants do not challenge the fact that Defendant Carroll was the arresting officer; Defendants challenge Plaintiff's allegation that he was not afforded a judicial determination of probable cause within 48 hours of his arrest.  Thus, the Magistrate Judge's liberal treatment of Plaintiff's

12

arguments did not affect the relevant legal analysis.  Plaintiff's objection is denied.

G.    *Heck v. Humphrey*

The Magistrate Judge also concluded, in the alternative, that Plaintiff's claims are barred

pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) because those claims constituted an

impermissible collateral attack on the validity of his state court criminal convictions.  (ECF No.

41, at 23-24.)  While this conclusion does not impact the Court's agreement with the Magistrate

Judge's ultimate recommendations, the Court finds this conclusion to be in error and rejects this

portion of the Report and Recommendation.

The Sixth Circuit has explained:

> In *Heck*, the Supreme Court held that a plaintiff cannot assert a § 1983 claim if
> success on that claim would "necessarily imply the invalidity" of an underlying
> state criminal conviction, unless the plaintiff can "prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas corpus."

*Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 608 (6th Cir. 2014) (quoting *Heck*, 512

U.S. at 486-87).  In the present case, it is true that Plaintiff's criminal convictions have not been

expunged, reversed, or otherwise declared invalid, however, Plaintiff's success on his present

claims would not "necessarily imply the invalidity" of his state court convictions.  In *Sanders*,

the Sixth Circuit explained that this type of claim, a constitutional violation based upon a denial

of a prompt probable cause hearing, is

> unaffected by *Heck*, as that claim is for "monetary damages for a constitutional
> violation unrelated to [the plaintiff's] ultimate conviction of the substantive
> offense." *Alkire v. Irving*, 330 F.3d 802, 816 n. 10 (6th Cir.2003); *Buckenberger
> v. Reed*, 342 Fed.Appx. 58, 63 (5th Cir.2009) (holding such claims fall "within
> the narrow range of cases that are not barred by *Heck* because a determination of
> the timeliness of [the plaintiff's] probable cause hearing will not affect the validity
> of his conviction").  Indeed, in *Gerstein v. Pugh*, the case which established the

13

right to a prompt judicial determination of probable cause following a warrantless arrest, the Supreme Court recognized that "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

*Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773-74 (6th Cir. 2012). Accordingly, where the success of Plaintiff's present § 1983 claims do not imply the invalidity of his criminal convictions, his claims are not barred by *Heck*. Thus, the Court rejects Section IV(B)(5) of the Magistrate Judge's analysis.

## IV. CONCLUSION

For all these reasons, the Court GRANTS Defendant's Motion for Extension of Time (ECF No. 43), DENIES Plaintiff's Objections (ECF No. 42); and ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's Report and Recommendation as explained *infra* (ECF No. 41). The Court also GRANTS Defendants' Motion for Summary Judgment (ECF No. 32), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 39), and DISMISSES this action WITH PREJUDICE.

IT IS SO ORDERED.

s/Paul D. Borman                           
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 16, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 16, 2016.

s/Deborah Tofil                           
Case Manager

14