UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL CAIN,

      Plaintiff,                                       No. 13-10525

v.                                                District Judge Paul D. Borman
                                                       Magistrate Judge R. Steven Whalen

FRANK CARROLL, ET AL.,

      Defendants.

_____/

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Amend New Material Witness [ECF No. 76]. Because the Plaintiff has not shown good cause to modify the scheduling order that set January 18, 2018 as the cut-off date for the exchange of witness lists, the motion will be DENIED.

**I.    FACTS**

On February 8, 2013, Plaintiff Darryl Cain, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil complaint alleging a violation of his constitutional rights because he was not afforded a prompt determination of probable cause within 48 hours of his arrest. He filed a first amended complaint on June 24, 2013 [ECF No. 16]. On July 31, 2013, the case was stayed and administratively closed pursuant to the Bankruptcy Court's stay of proceedings against the City of Detroit [ECF No. 20]. The case was reopened on February 26, 2015 [ECF No. 23]. The Court's scheduling order required that witness lists be exchanged no later than January 18, 2018 [ECF No. 31].

On April 11, 2018, *pro bono* counsel was appointed for Plaintiff [ECF No. 55], but

counsel was later permitted to withdraw [ECF No. 62]. Plaintiff has continued as a *pro se* litigant since that time. On June 6, 2019, discovery was reopened for 60 days [ECF No. 70].

## II. LEGAL PRINCIPLES

Under Fed.R.Civ.P. 16(b), the Court's scheduling order may only be amended upon a showing of good cause. The amendment will only be granted "if [the original schedule] cannot reasonably be met despite the diligence of the party seeking the extension." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir.2003) (citing Fed.R.Civ.P. 16, 1983 advisory committee's notes; *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir.2002)). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Rose v. Saginaw County*, 353 F.Supp.2d 900, 927 (E.D.Mich.2005) (citing *Inge*, 281 F.3d at 625).

## III. DISCUSSION

Plaintiff seeks to add two witnesses to his witness list: (1) Steven B. Lockhart, the state district court magistrate who issued the warrant on June 9, 2010; and (2) Michigan Court of Appeals Judge Henry Saad. He asserts that Magistrate Lockhart would testify that the signature on the warrant is not his, and that he in fact did not issue a warrant on June 9, 2010. Plaintiff's request to add Judge Saad, who wrote the Court of Appeals opinion in Plaintiff's appeal by right, is based on dicta that Plaintiff's delay in arraignment was presumptively unreasonable.

Plaintiff has not shown good cause to amend his witness list at this late date. He brings this motion more than two years after the deadline for exchanging witness lists, and has provided no reason for this delay. To the extent that he implies that his motion is based on newly discovered evidence, it also falls short. He has offered no new evidence,

or any facts at all, to support his fanciful and speculative claim that Magistrate Lockhart's signature on the warrant was forged.  The Michigan Court of Appeals decision written by Judge Saad was released in 2012, almost 10 years before Plaintiff filed the present motion, and almost three years before he filed his complaint. Plaintiff has not shown diligence in seeking this amendment. *Rose v. Saginaw County*. And this is notwithstanding the astounding and completely unsupported theory that an appellate judge can be summoned as a witness to explain his or her written opinion.

Finally, although the Plaintiff's lack of diligence is the primary consideration under Rule 16(b), the Court can also consider the prejudice to the Defendants. *See Inge*, 281 F.3d at 625 (another important consideration is "possible prejudice to the party opposing the modification."). Discovery was previously and generously extended, and has long been closed. The previously assigned Magistrate Judge certified the completion of pretrial proceedings on December 11, 2019 [ECF No. 75].  If the amendment is granted, discovery would have to again be reopened in the seven-year-old case , and especially balanced against the irrelevance of the proposed witnesses, this would be prejudicial to both the Defendants and the efficient administration of justice.

### IV.   CONCLUSION

Plaintiff's Motion to Amend New Material Witness [ECF No. 76] is therefore DENIED.

IT IS SO ORDERED.

> s/R. Steven Whalen
> R. STEVEN WHALEN
> United States Magistrate Judge

Dated: April 3, 2020

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 3, 2020 electronically and/or by U.S. mail.

                                   s/Carolyn M. Ciesla
                                   Case Manager