IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

DARRYL CAIN,   CASE NO. 13-10525
               HON. PAUL D. BORMAN
    Plaintiff,   MAG. JUDGE PATRICIA T. MORRIS

vs.

CITY OF DETROIT, *et al.*,

    Defendants.
_____/
RONNIE E. CROMER, JR., (P59418)   JAMES D. NOSEDA, (P52563)
The Cromer Law Group PLLC         City of Detroit Law Department
Attorney for Plaintiff Mr. Cain   Attorney for Defendants
24901 Northwestern Hwy., Ste. 612 Coleman A. Young Municipal Center
Southfield, MI  48075             2 Woodward Ave., Ste. 500
rcromerjr@thecromerlawgroup.com   Detroit, MI  48226
248-809-6790 (office)             nosej@detroitmi.gov
                                  313-237-3057 (office)
_____/

## **PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS**

**NOW COMES** your **Plaintiff DARRYL CAIN**, by and through counsel, and hereby moves this Court pursuant to Fed. R. Civ. P. 37(e) for spoliation sanctions against Defendants Frank Carroll and City of Detroit (collectively "Defendants") for their reckless and/or intentional failure to preserve material evidence related to Plaintiff's arrest, detention, and arraignment.

As set forth more fully in the accompanying Brief in Support, Defendants failed to adhere to their own retention policy and destroyed, deleted, or failed to preserve the Detroit Police Department Warrant Verification Logs and any related documentation or records (collectively "the evidence") showing the date and time Plaintiff's arrest warrant was signed by a magistrate after his warrantless arrest on June 7, 2010. This crucial evidence was directly relevant to Plaintiff's §1983 claims as it goes to the heart of whether there was an unreasonable delay in bringing Plaintiff before a magistrate for arraignment and probable cause determination within 48 hours, as required by law.

Defendants were on notice that litigation was likely and foreseeable based on their retention policy and consent decree regarding prompt arraignments. Yet, Defendants took no steps to preserve this highly relevant evidence before allowing its destruction, as admitted by defense counsel in an email to Plaintiff's counsel. Plaintiff suffered incurable prejudice as a result and is unable to prosecute his §1983 claims without the destroyed documents.

By way of background: On February 8, 2013, Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed a pro se civil complaint alleging a violation of his constitutional rights because he was not afforded a prompt determination of probable cause within 48 hours of his June 7, 2010 warrantless arrest. The case has involved various stays, counsel withdrawals

and re-openings of discovery over the past ten years during which Defendants were on continual notice of Plaintiff's claims.

Despite reasonable and timely efforts including oral and written communication with defense counsel, the movant was unable to obtain concurrence in the relief sought in the Motion for Spoliation Sanctions, as defense counsel respectfully declined the same.

For these reasons, and as set forth in the accompanying brief, Plaintiff respectfully requests that this Court impose spoliation sanctions against Defendants, including adverse jury instructions, attorneys' fees and costs, evidentiary hearing, or any other sanctions the Court deems appropriate.

Respectfully submitted,

THE CROMER LAW GROUP PLLC

**By: /s/ Ronnie E. Cromer, Jr.,**
Ronnie E. Cromer Jr. P59418
Attorney for Plaintiff Cain
24901 Northwestern Highway
Suite 612
Southfield, MI. 48076
(248) 809-6790 (Office)
(248) 587-7344 (Facsimile)
Email: rcromerjr@thecromerlawgroup.com

DATE:  September 7, 2023

## TABLE OF CONTENTS

                                                                                                                Page

I.      Factual Background…………………………………………………………….6

II.     Argument...................................................................................................7

A.     The destroyed evidence was relevant to Plaintiff's claims........................7

B.     Defendants failed to take reasonable steps to preserve the evidence.......7

C.     The evidence cannot be restored or replaced……………..……………..8

D.     Plaintiff suffered incurable prejudice........................................................8

E.     Defendants acted in bad faith....................................................................8

III.    Plaintiff is Entitled to an Adverse Inference Instruction and Attorneys' Fees…………………………………………………………………………….9

IV.    Conclusion..................................................................................................10

## TABLE OF AUTHORITIES

Cases:

*Johnson v. Metro. Gov't of Nashville & Davidson Cty., Tenn.,* 502 F. App'x 523, 542 (6th Cir. 2012) ………………………………………………………………7

*Flagg v. City of Detroit*, 715 F.3d 165 (6th Cir. 2013) …………………………..7

*Beaven v. U.S. Dep't of Justice*, 622 F.3d 540 (6th Cir. 2010) …………………8

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS

**I. Factual Background**

Plaintiff alleges he was arrested without a warrant by Defendant Carroll on June 7, 2010. He was detained for over 48 hours without being brought before a magistrate for a probable cause determination and was not arraigned until June 10, 2010. The length of Plaintiff's detention before receiving a judicial probable cause determination is material to his §1983 claim for unlawful detention under the Fourth and Fourteenth Amendments.

Defendants admit that no record is known to exist that would show the date and time on which the arrest warrant was presented to and signed by a magistrate after Plaintiff's warrantless arrest. (**Exhibit A**). The destroyed Warrant Verification Logs and related documentation would have shown exactly when Plaintiff's warrant was signed after his arrest. Yet, Defendants destroyed or failed to preserve this highly relevant evidence critical to the timeline in this case.

Plaintiff alleges the following chronology of events based on the available record:

- On June 7, 2010, Plaintiff was arrested without a warrant by Defendant Carroll. ECF No. 52, PageID.387.

- On June 9, 2010, the Warrant Verification Log shows that warrants for three (3) other detainees were submitted by all other Detroit police officers and signed by magistrates that morning. However, the log does not reflect Plaintiff's warrant being submitted or signed that day and prior to the expiration of 48-hours. *Id*.

- On June 10, 2010, Plaintiff was finally arraigned, more than 48 hours after his arrest. *Id*. at PageID.388-89.

- The Michigan Court of Appeals' 2012 opinion affirming Plaintiff's conviction states explicitly that Plaintiff "was arrested without a warrant on June 7, 2010, and was not arraigned until June 10, 2010, three days later." *Id*. at PageID.388.

- According to an email from defense counsel James Noseda on May 29, 2018 (**attached as Exhibit A**), the Warrant Verification Logs were apparently destroyed at some point along with any related documentation that would have shed light on the timeline of Plaintiff's warrant being signed and his arraignment.

By way of additional background: On February 8, 2013, Plaintiff filed his original *pro se* complaint alleging constitutional violations related to the delay in his arraignment. Despite being on continual notice of Plaintiff's claims for *over a decade*, Defendants failed to preserve the critical Warrant Verification Logs evidencing the timeline.

## II. Argument

### A. The destroyed evidence was relevant to Plaintiff's claims

The destroyed Warrant Verification Logs contained highly relevant evidence at the heart of Plaintiff's unlawful detention claim, as they would have shown <u>precisely</u> when the warrant was signed after arrest.

### B. Defendants failed to take reasonable steps to preserve the evidence

In an email dated May 29, 2018 (**Exhibit A**), defense counsel James Noseda admitted that the sought-after records were apparently destroyed and no longer

exist. This constitutes an admission by a party opponent under FRE 801(d)(2) showing the records were destroyed or lost at some point before May 2018. Failing to preserve evidence in violation of established policy while on notice of imminent litigation is inherently unreasonable. *See Johnson v. Metro. Gov't of Nashville & Davidson Cty., Tenn.,* 502 F. App'x 523, 531-32 (6th Cir. 2012). Defendants cannot now claim the email admission is inaccurate. The statement conclusively establishes the destruction or loss of the records critical to Plaintiff's claims.

### C. The evidence cannot be restored or replaced

Defense counsel's email confirms that the Warrant Verification Logs no longer exist. Counsel did not indicate the records exist elsewhere or can be replaced. Thus, this critical evidence is permanently lost due to Defendants' actions.

### D. Plaintiff suffered incurable prejudice

When evidence critical to a case is destroyed, courts may presume prejudice. S*ee Flagg v. City of Detroit,* 715 F.3d 165, 178 (6th Cir. 2013). Here, the missing records go directly to the crux of Plaintiff's unlawful detention claim and deprive him of vital evidence to prove his case.

### E. Defendants acted in bad faith

Defendants were on continual notice of their duty to preserve the Warrant Verification Logs based on DPD retention policy (**Exhibit B - DPD Policy Directive No. 101.11; B1 - Case No. 10-cv-12162, ECF No. 19-5,** *Brown v. City*

*of Detroit,* **Notice of Rule 30(b)(6) Depositions; B2 - Case No. 10-cv-12162, ECF No. 19-5,** *Brown v. City of Detroit,* **Order Compelling Discovery; B3 - Case No. 10-cv-12162, ECF No. 19-5,** *Brown v. City of Detroit,* **Rule 37 Letter to City of Detroit defense counsel**) and the Consent Decree regarding prompt arraignments. (**Exhibit C - Consent Decree**). Yet they allowed destruction of evidence central to Plaintiff's longstanding claims. Their failure to halt destruction practices, in violation of these clear policies during years of litigation, raises an inference of bad faith. *See Beaven v. U.S. Dep't of Justice,* 622 F.3d 540, 554 (6th Cir. 2010) (finding evidence of bad faith where DOJ officials failed to preserve or destroyed relevant emails after the commencement of litigation and in contravention of a litigation hold).

Relevant sections of DPD Policy Directive No. 101.11 that Defendants violated include but are not limited to:

- Section 101.11-2 stating records must be retained and destroyed per Michigan law.

- Section 101.11-4 requiring 7-year retention of Warrant Verification Logs.

- Section 101.11-5.1 mandating proper labeling and storage of records.

- Section 101.11-5.2 restricting destruction absent Resource Management approval.

- Section 101.11-5.3 requiring documentation of destruction on DPD568 form.

Defendants' failure to adhere to these policies supports a finding of bad faith.

Similar to *Beaven*, the Defendants' destruction of documents and/or things in contravention of clear preservation policies demonstrates bad faith and intent to suppress evidence relevant to Plaintiff's case.

### III. Plaintiff is Entitled to an Adverse Inference Instruction and Attorneys' Fees

In *Flagg v. City of Detroit,* 715 F.3d 165 (6th Cir. 2013), the Sixth Circuit upheld adverse inference sanctions where police destroyed evidence relating to the plaintiff's arrest when litigation was imminent. The court found an adverse inference instruction was warranted because the plaintiff was prejudiced by destruction of evidence critical to the circumstances surrounding his arrest. *Id*. at 178-79.

Here, just as in *Flagg*, an adverse inference is appropriate because Defendants destroyed or failed to preserve records vital to the timeline of Plaintiff's detention and arraignment, irreparably prejudicing Plaintiff.

Plaintiff also seeks attorneys' fees and costs under Rule 37(e)(1), as the fees and costs directly result from Defendants' misconduct. No other sanction can adequately deter such noncompliance with evidence preservation policies during years of litigation.

## IV. Conclusion

For all the above reasons, Plaintiff respectfully requests spoliation sanctions against Defendants, including an adverse jury instruction and reasonable attorneys' fees and costs, together with any other relief the Court deems just and equitable.

> Respectfully submitted,
>
> THE CROMER LAW GROUP PLLC
>
> By: **/s/ Ronnie E. Cromer, Jr.,**
> Ronnie E. Cromer Jr. P59418
> Attorney for Plaintiff Cain
> 24901 Northwestern Highway
> Suite 612
> Southfield, MI. 48076
> (248) 809-6790 (Office)
> (248) 587-7344 (Facsimile)
> Email: rcromerjr@thecromerlawgroup.com

DATE:  September 7, 2023

## PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein [Plaintiff's Motion for Spoliation Sanctions] along with this Proof of Service] at their respective addresses disclosed on the pleadings on September 7, 2023, via the Court's ECF mailing system that will automatically send a copy to defense counsel of record.

> Signature:  **/s/ RONNIE E. CROMER, JR.,**

DATE: September 7, 2023