UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL CAIN,

                    Plaintiff,                        Case No. 13-cv-10525

v.                                          Paul D. Borman
                                            United States District Judge

CITY OF DETROIT, *et al*.

                    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE (ECF No. 115)

## I. INTRODUCTION

Now before the Court is Plaintiff Darryl Cain's Motion to Take Judicial Notice of facts relating to his civil action against Defendants Frank Carroll and the City of Detroit (collectively "Defendants"). (ECF No. 115).

Plaintiff's Amended Complaint alleges that, on June 7, 2010, he was arrested without a warrant by Defendant Carroll. (ECF No. 16, PageID.50). He further alleges that he was not arraigned until June 10, 2010, more than 48 hours after his warrantless arrest. (*Id*.). Plaintiff contends that this failure to secure "prompt judicial determination of probable cause" violated his rights under the Fourth, Eighth, and Fourteenth Amendments. (ECF No. 16, PageID.53).

When a person is arrested without a warrant, an impartial judge must determine if probable cause existed for the arrest. *Gerstein v. Pugh*, 420 U.S. 103, 124–25 (1975). This determination must, generally, be made within 48 hours of the arrest to comply with the Fourth Amendment right against unreasonable search and seizure. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). Therefore, the timeline of Plaintiff's arrest and arraignment are central to his case against Defendants.

Plaintiff requests this Court to take Judicial Notice of two facts he believes are helpful in establishing this timeline: (1) that Plaintiff was arrested on June 7, 2010, and (2) that Plaintiff was arraigned on June 10, 2010. (ECF No. 119, PageID.1060).

Plaintiff believes these facts are the proper subject of Judicial Notice since the Michigan Court of Appeals stated them in its opinion affirming the validity of Plaintiff's criminal conviction, which stemmed from the same arrest and detainment at issue here. *See People v. Cain*, 299 Mich. App. 27, 33 (2012).

Defendants oppose Plaintiff's motion as to both facts. (ECF No. 117, PageID.1028).

## II. ANALYSIS

A "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "Although the rule is phrased in mandatory language, courts of appeals review a district court's refusal to take judicial notice for abuse of discretion." *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002). Judicial notice is only appropriate in "matter[s] beyond reasonable controversy." *In re Dow Corning Corp.*, 541 B.R. 643, 655 (E.D. Mich. 2015) (citing *In re Omnicare, Inc. Sec. Litig.,* 769 F.3d 455, 465–66 (6th Cir.2014).

Here, judicial notice as to either fact, the date of arrest and the date of arraignment, is inappropriate because neither is "beyond reasonable controversy." *Id*. These facts are at the heart of the controversy between the parties. If this Court were to take Judicial Notice of Plaintiff's timeline, and find that there were more than 48 hours between arrest and arraignment with no probable cause determination in between, there would be nothing more for Plaintiff to litigate except the amount of damages.

Furthermore, taking Judicial Notice of these facts would allow Plaintiff to circumvent the requirements of collateral estoppel. Federal courts apply state

3

collateral estoppel rules when determining whether a state court's findings have preclusive effect in a 42 U.S.C. § 1983 action. *Burda Bros., Inc. v. Walsh*, 22 F. App'x 423, 430 (6th Cir. 2001) (citing *Haring v. Prosise*, 462 U.S. 306, 313 (1983)). Under Michigan law, collateral estoppel precludes the relitigation of issues in subsequent causes of action "between the same parties or their privies, when the earlier proceeding resulted in a valid, final judgment and the same issue was actually litigated and necessarily determined." *Id*. (citing *People v. Gates*, 452 N.W.2d 627, 630–31 (1990)).

Michigan law, in other words, does not allow for offensive non-mutual collateral estoppel. Each party, or their privy, must have at least one opportunity to litigate an issue against their adversary. Neither Carroll nor the City of Detroit were parties to Plaintiff's first criminal trial. Furthermore, the Sixth Circuit has previously rejected attempts "to use collateral estoppel offensively against a defendant officer in a 42 U.S.C. § 1983 action because the officer was not party to or in privity with a party to the earlier action." *Id*.

Were this Court to take Judicial Notice of these facts, this would, in effect, render the mutuality requirement of collateral estoppel dead letter in similar 42 U.S.C. § 1983 lawsuits. Plaintiffs could simply request the court to take Judicial Notice of those same issues under Fed. R. Evid. 201, which contains no mutuality

requirement, instead. To avoid this, and because the facts at issue here are central to

the present dispute, it would be inappropriate to take Judicial Notice of them.


### III. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion to take Judicial

Notice (ECF No. 115).

**IT IS SO ORDERED.**


Dated: September 26, 2023                         s/Paul D. Borman

                                                  Paul D. Borman
                                                  United States District Judge