UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL CAIN,

          Plaintiff,          Case No. 13-cv-10525

v.                                   Paul D. Borman
                                    United States District Judge

CITY OF DETROIT, *et al*.

          Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR SPOLIATION SANCTIONS (ECF No. 114)

### I. INTRODUCTION

Now before the Court is Plaintiff Darryl Cain's Motion for Spoliation Sanctions against Defendants Frank Carroll and the City of Detroit (collectively "Defendants") pursuant to Fed. R. Civ. P. 37(e). (ECF No. 114).

Plaintiff's Amended Complaint alleges that, on June 7, 2010, he was arrested without a warrant by Defendant Carroll. (ECF No. 16, PageID.50). He further alleges that he was not arraigned until June 10, 2010, more than 48 hours after his warrantless arrest. (*Id*.). Plaintiff contends that this failure to secure "prompt judicial determination of probable cause" violated his rights under the Fourth, Eighth, and Fourteenth Amendments. (ECF No. 16, PageID.53).

1

When a person is arrested without a warrant, an impartial judge must determine if probable cause existed for the arrest. *Gerstein v. Pugh*, 420 U.S. 103, 124–25 (1975). This determination must, generally, be made within 48 hours of the arrest to comply with the Fourth Amendment right against unreasonable search and seizure. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). Therefore, the timeline of Plaintiff's arrest and arraignment are central to his case against Defendants.

Plaintiff argues that, at one point, there existed a Detroit Police Department ("DPD") Warrant Verification Log ("Log") that supported his version of the timeline of his arrest and arraignment. (ECF No. 114, PageID.878). Plaintiff believes the Log was destroyed due to Defendants' failure to preserve it despite the foreseeability of impending litigation. (*Id.*). Plaintiff, therefore, seeks spoliation sanctions against Defendants, "including adverse jury instructions, attorneys' fees and costs, evidentiary hearing" and any other sanctions this Court deems appropriate. (ECF No. 114, PageID.879).

## II. ANALYSIS

Fed. R. Civ. P. 37(e) states that, if electronically stored information that should have been preserved in anticipation of litigation "is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced," the

2

court, "upon finding that the party acted with the intent to deprive another party of the information's use," may "instruct the jury that it may or must presume the information was unfavorable to the party." Fed. R. Civ. P. 37(e)(2)(B).

The Sixth Circuit has stated that, a party seeking an adverse jury instruction must establish:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed "with a culpable state of mind"; and (3) that the destroyed evidence was "relevant" to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Beaven v. U.S. Dep't of Just.*, 622 F.3d 540, 553 (6th Cir. 2010). Plaintiff has failed to establish this first requirement because he has not shown that the Log ever existed, let alone that Defendants had control over it. Plaintiff attempts to establish the existence of the Log in three ways. (ECF No. 118, PageID.1056).

First, he relies on an email in which Defendants' counsel stated:

> I learned recently that the court (which is not the City), keeps a log book of some sort for warrants. The log is retained for some unspecified time period. I have been told that the 2010 log was destroyed some time ago.

Plaintiff mistakenly believes this email is an admission "acknowledging DPD's regular practice of maintaining warrant verification logs" which precludes Defendants from claiming that the Log never existed. (*Id.*). The log book referenced

in the email, however, is one maintained by the 36th District Court[1], an entirely separate entity from DPD. Therefore, this email does not support the existence of a DPD Log as Plaintiff claims it does.

Next, Plaintiff argues that since, in *Brown v. City of Detroit*[2], a prior case against DPD for unreasonable pre-arraignment delay, DPD produced warrant verification logs, this "conclusively demonstrates these records existed and were routinely maintained by DPD." (ECF No. 118, PageID.1056). The plaintiffs in *Brown*, however, were a class of people who had been arrested by DPD[3]. Here, in contrast, Plaintiff was arrested by Defendant Carroll who was, at the time, working for the multi-jurisdictional Action Auto Theft Task Force. Furthermore, Plaintiff was held in custody at the Grosse Pointe Park Public Safety Jail, not at a DPD lockup, and the warrant for Plaintiff's arrest was sought by the Task Force, not DPD. (ECF No. 116, PageID.970). As Defendants note, DPD "maintains a warrant verification log for persons arrested by DPD, held in DPD custody, and for whom a warrant is sought." (*Id.*). Since none of those apply to Plaintiff, his reliance on *Brown* is misguided.

---

[1] The 36th District Court is "the court" referenced in the email. (ECF No. 116, PageID.972).
[2] Case No. 10-cv-12162.
[3] (Case No. 10-cv-12162, ECF No. 1, PageID.10–11).

4

Lastly, Plaintiff argues that the Log must have existed because there is a DPD policy, which requires DPD officers to complete warrant verification logs for arrests. (ECF No. 118, PageID.1056). This argument fails for the same reasons stated above. Plaintiff was not arrested by DPD, rather, he was arrested by members of the multi-jurisdictional Action Auto Theft Task Force "comprised of officers from Detroit, Harper Woods, and Grosse Pointe Park." (ECF No. 116, PageID.969). Plaintiff offers no argument as to why DPD policy would govern the verification log procedures for arrests made by this Task Force.

Since none of Plaintiff's three arguments successfully establish the existence of the Log, Plaintiff has not met his burden of showing that Defendants had control over the Log or had an obligation to preserve it. *Beaven*, 622 F.3d at 553. Plaintiff is, therefore, not entitled to an adverse jury instruction nor any other sanctions under Rule 37(e).

## III. CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Motion for Spoliation Sanctions (ECF No. 114).

**IT IS SO ORDERED.**

Dated: September 27, 2023                s/Paul D. Borman
                                         Paul D. Borman
                                         United States District Judge