UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL CAIN

    *Plaintiff*,

v.

CITY OF DETROIT, and
FRANK CARROLL,

    *Defendants*.

_____/

CASE NO. 13-CV-10525

DISTRICT JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PATRICIA T. MORRIS

### ORDER ON MOTIONS IN LIMINE
### (ECF Nos. 122, 123)

On October 13, 2023, two motions *in limine* were referred to the undersigned: ECF Nos. 122 and 123. (ECF No. 132.) On October 23, 2023, several other motions *in limine* were referred to the undersigned: ECF Nos. 142, 143, 144, 145, 146, 147, 148, 149.) The Court has considered all the issues raised in the motions and responses. Plaintiff's remaining claim is that his federal constitutional right to a prompt judicial determination of probable cause following a warrantless arrest was violated.

    **I.**    **Applicable standards for motions *in limine***

"A 'motion i*n limine*' is any motion 'to exclude anticipated prejudicial evidenced before the evidence is actually offered.'" *Good v. BioLife Plasma Servs.*,

1

*L.P.*, 2022 WL 1837071, at *2 (E.D. Mich. June 3, 2022), quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). Such motions are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id*. Trial courts have the power to "conditionally grant a motion *in limine*, leaving the underlying evidentiary issue open to be revisited at trial." *Fischer v. United States*, 2022 WL 2287922, at *2, n. 2 (E.D. Mich. June 24, 2022), citing *The Modern Workplace: Contemporary Legal Issues in Employment & Labor Law Local Panel Discussion*, 6 BELMONT L. REV.245, 261-62 (2019). In addition, a ruling on a pretrial motion *in limine* may be revisited and modified "at any point prior to or during the trial, as 'facts may…come to the district court's attention which it did not anticipate at the time of its initial ruling.'" *United States v. Householder*, 2022 WL 17600159, at *1 (S.D. Ohio Dec. 13, 2022), quoting *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The decision to grant or deny a motion *in limine* lies within the sound discretion of the trial court. *Branham v. Thomas Cooley Law School*, 689 F.3d 558, 560 (6th Cir. 2012).

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Unless expressly deemed inadmissible by another evidentiary rule, relevant evidence is admissible. FED. R. EVID. 402; *Frye v. CSX Transp., Inc.*, 933 F.3d 591, 599 (6th Cir. 2019). Relevant evidence may be excluded

"if its probative value is substantially outweighed by one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence." FED. R. EVID. 403. All evidence that is probative is prejudicial in that it tends to prove a relevant issue in the case. In order to be considered unfairly prejudicial under Rule 403, the evidence must have an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

## II.    Analysis – various motions *in limine*

A. Defendants' motion *in limine* to bar Plaintiff from arguing that his Federal Constitutional right to a prompt probable cause determination was violated because he was arraigned on June 10, 2010 where a Magistrate issued an arrest warrant on June 9, 2010 based upon a finding of probable cause. (ECF No. 122)

In this motion, Defendant attempts to circumvent the Sixth Circuit's ruling that not just the date, but the timing of the warrant's issuance is a material fact for determination at trial. The Sixth Circuit noted, "the disputed fact –whether Cain's warrant was entered before or after 12:40 p.m. on June 9, 2010—was material, because if the warrant was issued before 12:40 p.m., within 48 hours of Cain's arrest, there would have been a presumption that no Fourth Amendment violation occurred unless Cain could show that his probable cause determination was unreasonably delayed." *Cain*

3

*v. Carroll*, 2017 WL 4863194, at *2 (6th Cir. Oct. 5, 2017); accord, ECF No. 120, PageID.1065-66.) Plaintiff should not be prohibited from arguing this salient and material fact recognized by the Sixth Circuit in this case. Therefore, this motion will be denied.

> B. Defendants' motion *in limine* to bar Plaintiff from use of the Consent Judgment in *USA v. City of Detroit*, Case No. 03-72258. (ECF No. 123.)

In this motion, seek to prevent introduction of a consent judgment from a prior case that arose from a case challenging DPD's detention policies and procedures. First, the policies of the DPD are not relevant to the instant case since the instant Plaintiff was "held at the Grosse Pointe Park Public Safety Jail, not a DPD lockup, and the warrant for Plaintiff's arrest was sought by the [multi-jurisdictional Action Auto Theft] Task Force, not DPD." ECF No. 121, PageID.1070.) In addition, the consent judgment itself expressly states that it creates no enforceable third-party rights in any civil, criminal or administrative action. (ECF No. 123, PageID.1088, Consent Judgment, para. 11.) I further find that any use of the consent judgment from a different case would only confuse, mislead, and distract the jury from deciding the facts of the instant case. FED. R. EVID. 403.. Accordingly, this motion will be granted.

4

C. Plaintiff's motion *in limine* to exclude evidence of Plaintiff's criminal conviction. (ECF No. 142) Plaintiff's motion *in limine* to exclude post 48-hour evidence. (ECF No. 143), and Plaintiff's motion *in limine* to exclude references to Plaintiff's incarceration. (ECF No. 146.)

In these motions, Plaintiff asks the Court to prohibit introduction of Plaintiff's eventual convictions (for various automobile theft and felony firearm convictions) and related events leading up to conviction beyond the 48 hours after his arrest (including his incarceration). I find that, at this time, these convictions and the procedural history from arrest beyond the 48 hours at issue that ultimately lead to the convictions, are not relevant to the remaining issue in this case and that any potential relevance is substantially outweighed by the danger of unfair prejudice under Rule 403. However, should Defendant be called as a witness, the Court would need to evaluate the question under FED. R. EVID. 609 and 403. Therefore, these motions will be granted without prejudice to Defendants' ability to seek to introduce such evidence in the future.

D. Plaintiff's motion *in limine* to exclude 'no damages' arguments. (ECF No. 144.)

This motion seeks to prevent Defendant from arguing that Plaintiff suffered no damages. Plaintiff contends that "the degree of injury caused by a constitutional violation does not bear on defendant's liability." (ECF No. 144,PageID.1204.) Plain

5

tiff is correct, the issue of liability is separate from the issue of the amount of damages. However, recognizing the difference does nothing to support Plaitiff's motion. Neither party should be precluded from presenting relevant evidence as to liability or damages and if Plaintiff presents evidence as to the damages Plaintiff suffered, Defendants should not be precluded from contending that Plaintiff has failed to demonstrate that such damages were incurred. See, Epistar Corp. v. Lowes Companies, Inc., 2023 WL 6792313, at *1 (C.D. Cal. Aug. 30, 2023). Therefore, this motion will be denied.

    E.  Plaintiff's motion *in limine* to exclude undisclosed witnesses (ECF No. 145.)

Here, Plaintiff appears to be seeking preclusion of witnesses who as of yet "remain[] a mystery." *Bell v. Sam's East, Inc.*, 2018 WL 719042, at *4 (E.D. Tenn. Feb. 5, 2018). I find this motion is premature and should be denied without prejudice on the current record. *Id*. "This ruling does not prohibit any party from raising an appropriate objection at trial with respect to any undisclosed witnesses or evidence." *Id*.

### III. Other motions

Plaintiff's motion for additional discovery regarding warrant verification logs. (ECF No. 147), Plaintiff's motion for evidentiary hearing regarding destruction of warrant verification logs (ECF No. 149), and Plaintiff's motion to amend witness list (ECF No. 148)

In these motions, Plaintiff seeks to revisit issues already decided by this Court. Plaintiff first seeks an evidentiary hearing regarding the absence of, and thus implied destruction of, warrant verification logs of the Detroit Police Department (DPD). (ECF No. 149.) Plaintiff also seeks to take addition al discovery on this issue. (ECF No. 147.) However, this and related issues were squarely addressed in a previous Court Order. The Court denied a previous motion for spoliation sanctions regarding the warrant verification log because Plaintiff was not arrested by the DPD (unlike the Plaintiff in *Brown v. City of Detroit*, 10-CV-12162). (ECF No. 121, PageID.1070-71.) Instead, the instant Plaintiff was "held at the Grosse Pointe Park Public Safety Jail, not a DPD lockup, and the warrant for Plaintiff's arrest was sought by the [multi-jurisdictional Action Auto Theft] Task Force, not DPD." ECF No. 121, PageID.1070.) Thus, as the Court found, there was no evidence to show "why DPD policy would govern the verification log procedures for arrests made by the Task Force." (ECF No. 121, PageID.1071.) Further, the Court found that "Plaintiff has not met his burden of showing that Defendants had control over the log or had an obligation to preserve it" thus, denying the motion for an adverse jury instruction or any other sanction for alleged spoliation. *Id*.

7

Plaintiff also seeks to amend his witness list to include "a representative from the Detroit Police Department (DPD) Records Management Division, or other appropriate designee, with knowledge regarding the destruction of the DPD Warrant Verification Logs…" (ECF No. 148, PageID.1223.) For the same reasons as stated above, this motion attempts to circumnavigate this Court's previous ruling (ECF No. 121) which held that the DPD warrant verification logs, or lack thereof, was not relevant to the instant Plaintiff's claim. Plaintiff was aware of this issue at least by the time he filed the motion for spoliation sanctions on September 7, 2023 (ECF No. 114) but he waited over six weeks to file the instant motion. (ECF No. 148.) Plaintiff's motion fails on substance and I also find that no good cause exists to modify the witness list.

Therefore, these motions must be denied as previously decided and these motions cannot substitute for a timely filed motion for reconsideration since more than 14 days elapsed between this Court's Order (ECF No. 121) and the filing of these motions *in limine*. L.R. 7.1(h).

## IV. Conclusion

For the reasons stated above,

- ECF No. 122 is DENIED.

- ECF No. 123 is GRANTED.

- ECF No. 142 is DENIED WITHOUT PREJUDICE.

8

- ECF No. 143 is DENIED WITHOUT PREJUDICE.
- ECF No. 144 is DENIED.
- ECF No. 145 is DENIED WITHOUT PREJUDICE.
- ECF No. 146 is DENIED WITHOUT PREJUDICE.
- ECF No. 147 is DENIED.
- ECF No. 148 is DENIED.
- ECF No. 149 is DENIED.

IT IS SO ORDERED.

Date:  November 13, 2023				S/PATRICIA T. MORRIS
						Patricia T. Morris
						United States Magistrate Judge